UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JOHN GLASSMAN, as Personal Representative
of the Estate of Charles D. Scales,

                Plaintiff,

     v.

INVESTIS DIGITAL INC. (f/k/a INVESTIS INC.),
and TRINET HR III, INC.,

                Defendants.

-----------------------------------------------------------------X

Docket No.

**COMPLAINT**

       Plaintiff, John Glassman, as Personal Representative of the Estate of Charles D. Scales, by his attorneys, Neufeld, O'Leary & Giusto, as and for his Complaint respectfully alleges as follows:

### **Parties**

       1.     Plaintiff John Glassman is the Personal Representative of the Estate of Charles D. Scales, having been so appointed by Order of the Circuit Court, Probate Division, of State of Florida, Santa Rosa County, dated March 2, 2023.

       2.     Charles D. Scales, also known as Don Scales, died on September 5, 2021.

       3.     Defendant Investis Digital Inc. ("Investis Digital") is, upon information and belief, a corporation organized under the laws of the State of Delaware under the name Investis Inc.

       4.     Investis Inc. changed its name to Investis Digital Inc. on or about January 11, 2019.

       5.     Upon information and belief, Investis Digital is registered to do business in the State of New York.

6.     Defendant TriNet HR III, Inc. ("TriNet") is, upon information and belief, a subsidiary of TriNet Group, Inc. and is a corporation organized under the laws of the State of California.

7.     Upon information and belief, TriNet is registered to do business in the State of New York.

### Jurisdiction

8.     Plaintiff commences this action pursuant to the Employee Retirement Income Security Act ("ERISA") 29 U.S.C. § 1001, *et seq.* and under the common law of the State of New York.

9.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367 and 29 U.S.C. § 1132(e).

### Venue

10.    Venue is proper under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions which give rise to Plaintiff's claims occurred in this District.

### Factual Allegations

11.    Investis Digital is engaged in the business of digital communications and brand development.

12.    Upon information and belief, Investis Digital's benefits were at all relevant times administered by TriNet, which served as co-employer for Investis Digital's employers.

13.    By Agreement dated February 29, 2016 (the "First Agreement"), Investis Digital (then known as Investis) hired Mr. Scales to serve in the position of "CEO US."

14.     The First Agreement provided for Mr. Scales to receive a base salary of $350,000 per year and to participate in a bonus plan under which he could receive up to 40% of his base salary.

15.     The First Agreement also provided that, in his position as CEO US, Mr. Scales would be entitled to "participate in all benefits plans of the Company from time-to-time in effect."  The then-available benefits were itemized and included vacation, "medical cover," "401K plan," day care and commuter benefits.  The First Agreement included no reference to life insurance benefits.

16.     During January 2017, Mr. Scales was promoted from CEO US to Global CEO.

17.     On or about March 30, 2021, Invest Corp. purchased a majority interest in Investis Digital.

18.     After the Invest Corp. purchase, negotiations began between Investis Digital and three of its top executives (Mr. Scales; Investis Digital's Chief Operating Officer; and its Chief Digital Officer), as Investis Digital undertook to persuade these executives to remain with the company.

19.     Investis Digital and Mr. Scales renegotiated and restructured his compensation package as set forth in a "First Amendment to Employment Agreement," dated April 7, 2021 (the "Amended Agreement").

20.     The Amended Agreement was drafted by Investis Digital.

21.     The Amended Agreement increased Mr. Scales' base salary to $459,000 and decreased his maximum bonus to 20% of his salary.

22.     The Amended Agreement also provided Mr. Scales with additional benefits including but not limited to a "life insurance benefit of five (5) times the base salary" (the "5X Insurance").

23.     The 5X Insurance provision of the Amended Agreement was unconditional and was not made contingent upon a medical examination, underwriting by a third-party insurer, or otherwise.

24.     This unconditional guaranteed 5X Insurance benefit was an important and significant part of Mr. Scales' revised compensation package and of the consideration for his acceptance of the Amended Agreement and his decision to continue to serve as Global CEO of Investis Digital.  This is particularly so as Mr. Scales was in his mid-60s, weighed 300 pounds, was 6' 0" tall and suffered from atrial fibrillation, all of which made obtaining life insurance coverage dependent upon a medical review extremely difficult.

25.     The 5X Insurance benefit which Investis Digital undertook to provide to Mr. Scales was not broadly available to the employees of Investis Digital but was only given to the three executives it specifically sought to retain after the Invest Corp. purchase.

26.     Shortly before the Amended Agreement was executed, Investis Digital's Chief Financial Officer instructed Monica Lovo (Investis Digital's Director of Human Resources, as well as Mr. Scales' domestic partner) that Mr. Scales' amended employment contract and those of the other two executives required "life insurance to be put in place at 5 x salary."

27.     After the Amended Agreement was executed, Investis Digital undertook to obtain insurance coverage for Mr. Scales via a third-party insurer to fund its obligation to provide Mr. Scales' estate with a 5X Insurance benefit at his death.

28.     All, or a material portion, of Investis Digital's obligation to provide the 5X Insurance benefit to the three executives was, upon information and belief, undertaken pursuant to an employee welfare benefit plan, as defined by 29 U.S.C. 1002(a).

29.     At the time that Mr. Scales entered into the Amended Agreement, he was not provided with a Summary Plan Description, a statement of material modifications or any other information regarding this new 5X Insurance benefit, let alone information regarding any restrictions which applied to his right to coverage.

30.     While, upon information and belief, Investis Digital could have partially funded its life insurance obligation to Mr. Scales by causing coverage equal to three times (3X) his salary to be issued by Metropolitan Life Insurance Company ("Met Life") on a guaranteed basis with no medical evaluation, it did not do so.

31.     Instead, Investis Digital undertook to facilitate the procurement of a 5X Insurance policy from Met Life for Mr. Scales and was thereafter informed by TriNet that MetLife required that Mr. Scales submit a satisfactory Statement of Health in order for it to issue 5X Insurance.

32.     Mr. Scales submitted the Statement of Health requested by Met Life and in connection with its review of the Statement of Health, Met Life sent an examiner to meet Mr. Scales at the Florida address where he was residing during the Covid pandemic.

33.     Based upon the Statement of Health submitted by Mr. Scales, Met Life denied Investis Digital's application for 5X Insurance on Mr. Scales' life.

34.     For more than a month after the Statement of Health was submitted, Investis Digital were unable to obtain the results of Met Life's review.

35.     Met Life informed Ms. Lovo, in her capacity as Director of Human Resources for Investis Digital, that the results of its evaluation could only be provided to Mr. Scales.

36.     Met Life apparently issued a letter denying the 5X Insurance application on July 1, 2021.  However, Met Life mailed this denial letter to the Florida address where its examiner had met Mr. Scales, who had, by that time, already returned to his New York residence.

37.     Met Life thereafter sent another copy of the denial letter to the address of Mr. Scales' New York residence on or about August 25, 2021, and which he received shortly thereafter.

38.     Thereafter, Mr. Scales died unexpectedly on September 5, 2021.

39.     Mr. Scales' death rendered any effort to appeal the denial futile.

40.     Contrary to its contractual and fiduciary obligations to provide Mr. Scales with a 5X Insurance benefit, Investis Digital has refused to remit any portion of the sum of $2,295,000 (five times his $459,000 annual salary) due to Mr. Scales' Estate pursuant to the Amended Agreement, despite due demand.

41.     Shortly after Mr. Scales' death, Investis Digital procured life insurance coverage to fund its obligations to the other two executives to whom it had agreed to provide a 5X Insurance benefit.  Investis Digital secured this coverage in part via Company Paid Basic Life insurance from Met Life in the amount of three times the executives' salaries and which coverage was, upon information and belief, guaranteed and issued without medical underwriting.  Investis Digital funded the balance of its obligation to the other two executives via a Supplemental Life Insurance policy from Met

Life equal to two times the executives' respective salaries, which premiums have been paid by the executives and, thereafter, reimbursed to them by Investis Digital.

42.     Upon information and belief, Met Life's medical screening for the 2X Supplemental Life Insurance policy was less rigorous than for the 5X coverage that Investis Digital had attempted to place on behalf of Mr. Scales.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Violation of 20 U.S.C. 1132(a)(1)(B))

43.     Plaintiff repeats, realleges and reiterates each and every allegation set forth at Paragraphs 1 through 42 hereof, with the same force and effect as if set forth fully hereat.

44.     The language of the Amended Agreement which provided for Mr. Scales to receive "a life insurance benefit of five (5) times the base salary" can be reasonably interpreted to have vested a right in Mr. Scales' Estate to receive this 5X Insurance benefit upon his death.

45.     Investis Digital's failure to pay Plaintiff the promised 5X Insurance benefit constitutes a breach of its obligations to pay vested benefits due, in violation of 29 U.S.C. 1132(a)(1)(B).

46.     Even assuming, *arguendo,* that Investis Digital's obligations to provide Mr. Scales with 5X Insurance was contingent upon its ability to fund the same via third-party insurance, Defendants' failure to disclose that insurance for three times Mr. Scales' salary was available on a guaranteed basis without medical review pursuant to Defendants' group insurance plan made available to its top executives deprived Mr. Scales of this insurance benefit.

47.     As a result of Defendants' failure to adequately disclose the terms of its group insurance plan, Mr. Scales was deprived of insurance benefits to which he was entitled.

48.     Plaintiff has been damaged by Defendants' breach of 29 U.S.C. 1132(a)(1)(B) in an amount to be determined at trial, but not less than $2,295,000.

## AS AND FOR A SECOND CAUSE OF ACTION
### (ERISA – Promissory Estoppel)

49.     Plaintiff repeats, realleges and reiterates each and every allegation set forth at Paragraphs 1 through 42 and 44 through 48 hereof, with the same force and effect as if set forth fully hereat.

50.     The Amended Agreement obligated Investis Digital to provide Plaintiff with a 5x Insurance benefit.

51.     Plaintiff relied upon that promised benefit as an important element of the overall compensation package which he agreed to accept in entering into the Amended Agreement and remaining with Investis Digital after the Invest Corp acquisition.

52.     As a result of Plaintiff's reliance on Investis Digital's promise to provide the 5X Insurance benefit and Investis Digital's failure to provide that benefit, Mr. Scales' Estate has been harmed in an amount to be determined at trial, but not less than not less than $2,295,000.

53.     An injustice would arise if Defendants are able to avoid their promise to provide Mr. Scales with the 5X Insurance benefit which they agreed to provide, as this benefit is a material part of the compensation package for which Mr. Scales bargained when he agreed to serve as the Global CEO of Investis Digital.

54.     Investis Digital's offer of 5X Insurance was intended to, and Investis Digital reasonably understood that it would, induce Mr. Scales to accept its offer of continued employment as Global CEO, as well as the overall compensation package being offered.

55.    By virtue of the foregoing Plaintiff has been damaged in an amount to be determined at trial, but not less than $2,295,000.

**AS AND FOR A THIRD CAUSE OF ACTION**
**(Breach of ERISA Fiduciary Duty – Surcharge)**

56.    Plaintiff repeats, realleges and reiterates each and every allegation set forth at Paragraphs 1 through 42, 44 through 48 and 50 through 55 hereof, with the same force and effect as if set forth fully hereat.

57.    Defendants acted as fiduciaries under their employee welfare benefit plan as they exercised discretion regarding, *inter alia*, eligibility for benefits, administration of benefits, when/how the benefits were applied for (in the instant example, by causing Mr. Scales to apply for 5X Insurance coverage, rather than obtaining 3X Insurance on a guaranteed basis without medical review and separately obtaining 2X supplemental insurance).

58.    Defendants breached their fiduciary obligations of honesty and prudence by, *inter alia*, failing to inform Mr. Scales that its unconditional grant of 5X Insurance in the Amended Agreement was in fact subject to a medical review; and upon granting the 5X Insurance benefit, failing to either place on Mr. Scales' behalf, or to inform Mr. Scales that 3X insurance coverage could be placed on a guaranteed basis without medical review.

59.    Plaintiff was damaged by Defendants' fiduciary breaches, as Mr. Scales' Estate was deprived of the benefit of the 5X Insurance which Mr. Scales had bargained for in the Amended Agreement.

60.    Pursuant to 29 U.S.C. § 1132(a)(3), Defendants should be surcharged in an amount to be determined at trial, but not less than $2,295,000.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Breach of ERISA Fiduciary Duty – Equitable Estoppel)

61.     Plaintiff repeats, realleges and reiterates each and every allegation set forth at Paragraphs 1 through 42, 44 through 48, 50 through 55 and 57 through 60 hereof, with the same force and effect as if set forth fully hereat.

62.     Plaintiff relied upon the incomplete and inaccurate information provided by Defendants, and the resulting misrepresentations regarding the 5X Insurance benefit, when agreed to accept in entering into the Amended Agreement and remaining with Investis Digital after the Invest Corp acquisition.

63.     As a result of Plaintiff's reliance on the incomplete and inaccurate information provided by Defendants, Mr. Scales' Estate has been damaged by the loss of the promised 5X Insurance benefit as well as the loss of the opportunity to negotiate for additional compensation elsewhere in his compensation package had Defendants made accurate and complete disclosures regarding the 5X Insurance.

64.     An injustice would arise if Defendants are permitted to benefit from the incomplete and inaccurate information they provided to Mr. Scales, as this benefit is a material part of the compensation package for which Mr. Scales bargained when he agreed to serve as the Global CEO of Investis Digital.

65.     Investis Digital's offer of 5X Insurance was intended to, and Investis Digital reasonably understood that it would, induce Mr. Scales to accept its offer of continued employment as Global CEO, as well as the overall compensation package being offered.

66.     Due to Defendants' fiduciary breaches, it should be estopped pursuant to 29 U.S.C. § 1132(a)(3), from denying Plaintiff's entitlement to a 5X Insurance benefit of $2,295,000.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**(ERISA – Attorneys' Fees)**

67.     Plaintiff repeats, realleges and reiterates each and every allegation set forth at Paragraphs 1 through 42, 44 through 48, 50 through 55, 57 through 60 and 62 through 66 hereof, with the same force and effect as if set forth fully hereat.

68.     Pursuant to 29 U.S.C. 1132(g), Plaintiff is entitled to an award of attorneys' fees incurred in connection with the instant litigation which it has been required to commence because of Defendants' breach of their respective contractual, statutory and fiduciary obligations under ERISA and the Amended Agreement.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**AGAINST INVESTIS DIGITAL**
**(Common Law – Breach of Contract)**

69.     Plaintiff repeats, realleges and reiterates each and every allegation set forth at Paragraphs 1 through 42, 44 through 48, 50 through 55, 57 through 60 and 62 through 66 and 68 hereof, with the same force and effect as if set forth fully hereat.

70.     At least some of Investis Digital's contractual undertaking to provide Mr. Scales with a 5X Insurance benefit is separate and apart from any employee welfare benefit plan offered by Investis Digital.

71.     The Amended Agreement, which was drafted by Investis Digital, provided that it would provide Plaintiff with a 5X Insurance benefit and contained no restrictions, contingencies or preconditions.

72.     After Mr. Scales' death, Investis Digital refused to remit $2,295,000 to his Estate upon due demand.

73.     Such refusal constituted a breach of the Amended Agreement by Investis Digital.

74.     As a result of Investis Digital's breach, Plaintiff was damaged in an amount to be determined at trial, but not less than $2,295,000.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**AGAINST INVESTIS DIGITAL**
**(Common Law – Equitable Estoppel)**

75.     Plaintiff repeats, realleges and reiterates each and every allegation set forth at Paragraphs 1 through 42, 44 through 48, 50 through 55, 57 through 60 and 62 through 66, 68 and 70 through 74 hereof, with the same force and effect as if set forth fully hereat.

76.     The Amended Agreement obligated Investis Digital to provide Plaintiff with a 5X Insurance benefit.

77.     Plaintiff relied upon that promised benefit as an important element of the overall compensation package which he agreed to accept in entering into the Amended Agreement.

78.     As a result, Plaintiff's reliance on Investis Digital's promise to provide the 5X Insurance benefit, his estate has been harmed in an amount to be determined at trial, but not less than not less than $2,295,000.

79.     An injustice would arise if Investis Digital is able to avoid its promise to provide Mr. Scales with the 5X Insurance benefit which they agreed to provide in the Amended Agreement as this benefit is a material part of the compensation package for which Mr. Scales bargained when he agreed to serve as the Global CEO of Investis Digital.

WHEREFORE, Plaintiff requests judgment as follows:

1.     On its first cause of action, in favor of Plaintiff and against Defendants in an amount to be determined at trial, but not less than $2,295,000, plus costs and disbursements, and pre- and post-judgment interest;

2.      On its second cause of action, in favor of Plaintiff and against Defendants in an amount to be determined at trial, but not less than $2,295,000, plus costs and disbursements, and pre- and post-judgment interest;

3.      On its third cause of action, in favor of Plaintiff and against Defendants in an amount to be determined at trial, but not less than $2,295,000, plus costs and disbursements, and pre- and post-judgment interest;

4.      On its fourth cause of action, in favor of Plaintiff and against Defendants in an amount to be determined at trial, but not less than $2,295,000, plus costs and disbursements, and pre- and post-judgment interest;

5.      On its fifth cause of action, an award of attorney's fees to Plaintiff;

6.      On its sixth cause of action, in favor of Plaintiff and against Investis Digital in an amount to be determined at trial, but not less than $2,295,000, plus costs and disbursements, and pre- and post-judgment interest;

7.      On its seventh cause of action, in favor of Plaintiff and against Investis Digital in an amount to be determined at trial, but not less than $2,295,000, plus costs and disbursements, and pre- and post-judgment interest; and

8.      Awarding such other and further relief in favor of Defendant as the Court deems just and proper.

Dated:  New York, New York
        March 3, 2023

Yours, etc.,

NEUFELD, O'LEARY & GIUSTO
By:   _____
      Michael J. Giusto, Esq. (MG-6869)
Attorneys for Plaintiff
370 Lexington Avenue, Suite 908
New York, New York 10017
(212) 986-0999

To:    Investis Digital, Inc.
240 West 37th Street, 7W
New York, New York 10018

TriNet HR III, Inc.
c/o Corporation Service Company
80 State Street
Albany, New York 12207-2543